**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————

**No. 07-4248**

—————

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

      v.

DAVID CANO,

              Defendant - Appellant.

—————

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Frank D. Whitney, District Judge. (3:06-cr-00013)

—————

Submitted: January 23, 2009      Decided: February 18, 2009

—————

Before MOTZ, SHEDD, and AGEE, Circuit Judges.

—————

Affirmed by unpublished per curiam opinion.

—————

Randolph M. Lee, LAW OFFICES OF RANDOLPH M. LEE, Charlotte, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

—————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

David Cano was convicted of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g) (2006). He was sentenced to sixty-three months' imprisonment. Cano now appeals. His attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that the district court erred in denying Cano's motion to suppress, but acknowledging that there are no meritorious issues for appeal. Cano has been apprised of his right to file a pro se brief, but has not done so. We affirm.

In the Anders brief, counsel argues that the district court improperly denied Cano's motion to suppress in violation of his Fourth and Fifth Amendment rights. Specifically, he claims violation of Cano's Fourth Amendment rights when police entered his residence without a warrant and discovered a shotgun and firearm shells. He also claims violation of his Fifth Amendment rights relative to incriminating statements he made to the police relative to the shotgun, on the ground that he received inadequate warnings under Miranda v. Arizona, 384 U.S. 436 (1966). When considering a district court's ruling on a motion to suppress, we review the court's factual findings for clear error and its legal conclusions de novo. United States v. Cain, 524 F.3d 477, 481 (4th Cir. 2008).

Here, the district court found that Cano repeatedly and voluntarily consented to the search of his residence, during which the shotgun and shells were discovered by officers in plain view. The court's findings on this issue are fully supported by the testimony of the various officers at the scene, and there is no evidence to the contrary. In addition, although Cano was on house arrest and under electronic monitoring on an unrelated offense when he made the incriminating statements between the time the shotgun was found and the time he was advised of his Miranda rights, the district court determined that he was not "in custody" for Miranda purposes. We find no infirmity in the district court's legal conclusion. Such circumstantial restraints upon a person's liberty are not tantamount to police-imposed restraints. See United States v. Jamison, 509 F.3d 623, 633 (4th Cir. 2007); see also United States v. Conley, 779 F.2d 970, 973 (4th Cir. 1985).

We have examined the entire record in this case in accordance with the requirements of Anders, and we find no meritorious issues for appeal. Accordingly, we affirm Cano's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in

3

this court for leave to withdraw from representation. Counsel's motion must state that a copy of the motion was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED